UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN RABORN,                                         CIVIL ACTION

VERSUS

MARTIN SCHOTT, ET AL.                                 NO.: 17-000292-BAJ-RLB

## RULING AND ORDER

Before the Court is an appeal of an order, issued by the United States Bankruptcy Court for the Middle District of Louisiana, approving a settlement in a Chapter 7 bankruptcy case. Appellant Susan Raborn filed an **Emergency Motion for Stay Pending Appeal (Doc. 4)** and an **Amended Emergency Motion for Stay Pending Appeal (Doc. 16)**. Appellees James G. Muller, Betsy R. Muller; Karen R. Rogers, and Pedicons, Inc. filed a **Motion to Dismiss the Appeal for Lack of Standing (Doc. 19)**, and a **Motion to Strike Attachments Improperly Included in the Record on Appeal (Doc. 33)**. Appellees and Martin A. Schott, Trustee, filed a **Motion to Dismiss Appeal for Mootness. (Doc. 44)**. The parties filed oppositions (Doc. 13, 24, 34), and Ms. Raborn filed a Brief. (Doc. 40). For the following reasons, the **Emergency Motion for Stay Pending Appeal (Doc. 4)** and the **Amended Emergency Motion for Stay Pending Appeal (Doc. 16)** are **DENIED**, the **Motion to Dismiss the Appeal for Lack of Standing (Doc. 19)**, the **Motion to Strike (Doc. 33)**, and the **Motion to Dismiss Appeal for Mootness (Doc. 44)** are **GRANTED**. The decision of the Bankruptcy Court is **AFFIRMED**.

1

I.  BACKGROUND

Dr. Charles Raborn sold Ms. Susan Raborn 245 shares of stock in a family medical management company called Pedicons in 2006, but in 2013 when she failed to pay the purchase price he sued to dissolve the stock sale. *In re Raborn*, No. 15-10938, 2017 WL 1417204, at *2 (Bankr. M.D. La. Apr. 20, 2017). Dr. Raborn won a unanimous jury verdict in Louisiana state court, dissolving the stock sale and recognizing Dr. Raborn as the stock's owner. *Id.*

On August 10, 2015, Ms. Raborn filed for Chapter 11 bankruptcy. *In re Raborn*, Doc. 1. The Bankruptcy Court then converted the Chapter 11 case to a Chapter 7 liquidation case on August 31, 2016. *Id.* at Doc. 609. Martin Schott was then appointed as the Trustee for Ms. Raborn's bankruptcy estate. *Id.* at Doc. 644. The Trustee then sued Dr. Raborn in the Bankruptcy Court to recover the stock lost in the state court judgment. *In re Raborn*, 2017 WL 1417204, at *2.

On February 13, 2017, Martin Schott, the Trustee, filed a Motion to Approve a Settlement. *In re Raborn*, Doc. 705. The settlement will bring the estate $405,000 and terminate pending litigation in federal and state courts. *In re Raborn*, 2017 WL 1417204, at *1. Ms. Raborn objected to the settlement. *Id.* On March 10, 2017, the Bankruptcy Court held an evidentiary hearing on the settlement. *Id.* at *5.

On April 24, 2017, the Bankruptcy Court approved the settlement. *In re Raborn*, Doc. 761. On May 2, 2017, Ms. Raborn filed a Motion for Reconsideration of the Bankruptcy Court's Order that approved the settlement. *In re Raborn*, Doc. 763. On May 4, 2017, Ms. Raborn filed an Amended Motion for Reconsideration. *Id.* at

Doc. 768. On May 5, 2017, Ms. Raborn timely filed a notice of appeal challenging the Bankruptcy Court's decision. (Doc. 1). On July 13, 2016, the Bankruptcy Court granted the Amended Motion for Reconsideration in part, and "reserve[d] the debtor's claim to an exemption under applicable law of Pedicons dividends, which the trustee shall retain pending further order of the court." *Id.* at Doc. 824.[1] On July 26, 2017, Ms. Raborn timely filed an Amended Notice of Appeal challenging the Bankruptcy Court's Order on her Amended Motion for Reconsideration. (Doc. 31-1).

## II. STANDARD OF REVIEW

In bankruptcy appeals, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004). A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law *de novo. Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004). Under the clearly erroneous standard, this court will reverse "only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Walker v. Cadle Co.*, 51 F.3d 562, 565

---

[1] Federal Rule of Bankruptcy Procedure 8002(b)(2) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of [a motion for reconsideration]—the notice becomes effective when the order disposing of the last such [motion for reconsideration] is entered." It does not appear that the Bankruptcy Court specifically ruled on Ms. Raborn's initial Motion for Reconsideration. *In re Raborn*, Doc. 763. It would therefore appear that Ms. Raborn's notice of appeal is not effective because the Bankruptcy Court did not specifically rule on her initial Motion for Reconsideration. However, the Bankruptcy Court ruled on her Amended Motion for Reconsideration. *In re Raborn*, Doc. 824. The Amended Motion contains minor stylistic and structural changes, but it seeks the same relief and contains the same legal arguments as Ms. Raborn's initial motion. It therefore appears that the Bankruptcy Court treated the Amended Motion as superseding the initial Motion for Reconsideration. The Court therefore finds that the notice of appeal is effective.

3

(5th Cir. 1995). A bankruptcy court's dismissal for lack of standing is reviewed *de novo*. *Joffroin v. Tufaro*, 606 F.3d 235, 238 (5th Cir. 2010).

### III. DISCUSSION

#### A. Motion to Strike Exhibits

As a threshold matter, the Court must determine the universe of evidence that is part of the record on appeal. Appellees Betsy R. Rogers, Karen R. Rogers, and James G. Muller and Pedicons, Inc., request that the Court strike eight documents from the record, including seven affidavits and the articles of incorporation of Pedicons, Inc. (Doc. 33). Federal Rule of Bankruptcy Procedure 8006 "provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance." *In re SI Restructuring Inc.*, 480 F. App'x 327, 328-29 (5th Cir. 2012) (quoting *In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003). "The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." *Id.*

Appellees argue that the seven affidavits and the articles of incorporation of Pedicons, Inc., that they seek to strike were not part of the Bankruptcy Court record. (Doc. 33-1). On April 13, 2017, the Bankruptcy Court ordered that Ms. Raborn's post-hearing brief be stricken from the record because she attached exhibits to it that she did not introduce into evidence at the March 10, 2017 evidentiary hearing. *In re Raborn*, Doc. 739. Appellees claim that many of the exhibits that the Bankruptcy Court ordered stricken are the same exhibits that Ms. Raborn now seeks to make part

4

of the record on appeal. (Doc. 33-1). The Court, however, cannot view the documents that the Bankruptcy Court ordered stricken from the record because they were entirely removed from the electronic Bankruptcy Court docket. That said, the Bankruptcy Court made clear which exhibits it admitted in a minute entry following the March 10, 2017 hearing, and all of the exhibits that Appellees object to, were not listed in the Bankruptcy Court's order.[2] Therefore, the Court will not rely on any of these exhibits on appeal.

### B. Standing to Appeal

Pedicons argues that Ms. Raborn, the debtor, does not have standing to challenge the settlement. (Doc. 19). To establish standing, parties must show: (1) an injury in fact; (2) that is fairly traceable to the actions of the defendant(s); and (3) that likely will be redressed by a favorable decision. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). Appellate standing in bankruptcy cases is even stricter than the normal standing requirements. To have standing, the debtor must be a "person aggrieved" by the bankruptcy court's order. *In re Coho Energy Inc.*, 395 F.3d 198, 202–03 (5th Cir. 2004). A "person aggrieved" is one "directly and adversely affected pecuniarily by the order of the bankruptcy court." *Id.* at 203 (internal quotation omitted).

A Chapter 7 debtor, like Ms. Raborn, ordinarily does not have standing to appeal the settlement of a claim against the estate. *In re Solomon*, 129 F.3d 608, 1997 WL 680934 at *6 n. 10 (5th Cir. 1997). When a Chapter 7 case begins, "all of

---

[2] The minute entry is found between Doc. 732 and 733.

the debtor's property becomes property of the estate, 11 U.S.C. § 541(a), and the appointment of a trustee makes the trustee the representative of the estate. 11 U.S.C. § 323(a)." *Id.* The trustee is responsible for the estate's finances, and a Chapter 7 debtor thus generally has no pecuniary interest in the administration of the estate. *Id.*

One exception to this general rule is "if the debtor can show that a successful appeal will generate assets in excess of liabilities, thus entitling him to a distribution of surplus . . . then the debtor is a 'person aggrieved' with standing to appeal." *Id.* Here, the Bankruptcy Court found that the estate could not generate assets in excess of liabilities because claims totaling $528,127.86 were filed against the estate, and the debtor has nonexempt assets of minimal value. *In re Raborn*, 2017 WL 1417204, at *4. The Bankruptcy Court also found that even with the $405,000 settlement, there was not enough money in the estate to pay all the claims against it. *Id.* The Court finds no reason to disturb the Bankruptcy Court's factual findings regarding the assets and liabilities of the estate.

Ms. Raborn argues that she has standing because the settlement uses her "exempt property of dividends." (Doc. 24). However, the Bankruptcy Orders, which Ms. Raborn appeals, did not address the ownership or disposition of any dividends. Indeed, the Bankruptcy Court could not have been clearer when it stated: "At the outset of the March 10 hearing, the court approved the trustee's reservation of the debtor's claim that escrowed Pedicons dividends are Ms. Raborn's exempt property. This memorandum opinion therefore *does not address ownership or disposition of the*

6

*dividends.*" *In re Raborn*, 2017 WL 1417204, at *1 n.6 (emphasis added). The Bankruptcy Court's Order on Ms. Raborn's Motion for Reconsideration reaffirmed that its approval of the Settlement did not impact her dividends. *In re Raborn*, Doc. 824. Ms. Raborn therefore lacks standing to appeal the settlement that the Bankruptcy Court approved.[3] The Judgment of the Bankruptcy Court is affirmed.

### C. Mootness

The Trustee and Appellees also filed a Motion to Dismiss Appeal for Mootness. (Doc. 44). Whether an appeal is equitably moot turns on three factors: "(i) whether a stay has been obtained, (ii) whether the plan has been substantially consummated, and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan." *In re McCray*, 623 F. App'x 184, 185 (5th Cir. 2015) (quoting *In re Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994). First, Ms. Raborn did not obtain a stay of the Bankruptcy Court's order. Second, the plan has also been substantially consummated. Under the terms of the settlement, the parties dismissed all state and federal court litigation with prejudice, the settlement documents have been executed and money has been paid to third parties under the terms of the settlement. (Doc. 44). Third, the undoing of the settlement would affect the rights of parties not before the court because creditors have been paid who are not before the Court. *Id.* Therefore, in addition to lacking standing, this appeal is barred by the doctrine of equitable mootness.

---

[3] Because Ms. Raborn lacks standing to appeal, the Court likewise denies her motions for stay pending appeal. (Docs. 4 and 16).

7

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Emergency Motion for Stay Pending Appeal (Doc. 4)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Amended Emergency Motion for Stay Pending Appeal (Doc. 16)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss the Appeal for Lack of Standing (Doc. 19)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Strike Attachments Improperly Included in the Record on Appeal (Doc. 33)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motions for Leave to Substitute Certification Page (Doc. 41-42)** are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Appeal for Mootness (Doc. 44)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Bankruptcy Court's Order at Doc. 761 and 824 are **AFFIRMED** and the Appeal is **DISMISSED**.

Baton Rouge, Louisiana, this 13th day of November, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA